**Minlan ZHENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–1087–AG.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Gang Zhou, New York, NY, for Petitioner.

Troy A. Eid, United States Attorney, District of Colorado, Terry Fox, Assistant United States Attorney, Denver, CO, for Respondent.

Present ROSEMARY S. POOLER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Minlan Zheng, a native and citizen of China, seeks review of a February 9, 2006 order of the BIA summarily affirming the September 29, 2004 decision of immigration judge ("IJ") Robert Wiesel denying Zheng's applications for asylum, withhold-

ing of removal, and relief under the Convention Against Torture. *In re Minlan Zheng*, No. A78 923 577 (B.I.A. Feb. 9, 2006), *aff'g* A78 923 577 (Immig. Ct. N.Y. City Sept. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found Zheng not to be credible based on various inconsistencies between her testimony and her written asylum application, implausibilities, and lack of corroborating evidence. Substantial evidence supports the IJ's determination that Zheng failed to present a credible claim.

Measuring the inconsistencies against the record as a whole, the IJ was reasonable in rejecting Zheng's explanations and relying on the various inconsistencies and omissions; they cover nearly every aspect of her relatively simple story. While it is unlikely that each of the inconsistencies or omissions would support an adverse credibility determination standing alone, the IJ was reasonable in determining that the cumulative effect was sufficient to undermine Zheng's credibility. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir.2006) ("[A]n IJ need not consid-

er the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.").

The IJ was also reasonable in finding that Zheng presented implausible testimony that negatively affected her credibility. He reasonably concluded that Zheng's distinction between good and bad people was not a valid explanation for how the officers became aware of her friendship with a Falun Gong practitioner, when Zheng admitted she had not seen the friend in at least three months, and that Zheng was unable adequately to explain how a neighbor would know the motive of the officers' visit to Zheng's house simply because she was not there and her parents were home. *See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, (2d Cir.2006).

Finally, as Zheng's testimony was not otherwise credible, the IJ was reasonable in determining that the lack of corroborating evidence further undermined Zheng's credibility. *See Xiao Ji Chen*, 434 F.3d at 164; *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Because the only evidence that petitioner was likely to be tortured depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily also precludes success

on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.